**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4392**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ERIC WAYNE GRINDER,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cr-00226-CCB-1)

Submitted: March 19, 2020           Decided: April 6, 2020

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Paul A. Riley, Assistant United States Attorney, Paul E. Budlow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Wayne Grinder was convicted by a jury of attempted production and production of child pornography, 18 U.S.C. § 2251(a) (2018) (six counts); possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) (2018) (two counts); and witness tampering, 18 U.S.C. § 1512(b)(1) (2018). The district court sentenced Grinder to 320 months' imprisonment. He appeals, challenging the denial of his motion to suppress evidence retrieved from his cell phone and laptop computer.

When reviewing a district court's ruling on a motion to suppress, we review the district court's "legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz,* 890 F.3d 133, 141-42 (4th Cir. 2018). Grinder argues, first, that the warrant authorizing the seizure of his cell phone was overbroad and, second, that officers unreasonably waited four months before obtaining the follow-up federal warrant.

Under the Fourth Amendment, the "nonconsensual search of a home by law enforcement officers ordinarily requires a warrant." *See Fernandez v. California*, 571 U.S. 292, 298 (2014). A warrant will only issue "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause requires only 'the kind of fair probability on which reasonable and prudent people, not legal technicians,' would rely." *United States v. Jones*, __F.3d__, 2020 WL 1017581 (4th Cir. Mar. 3, 2020) (quoting *Florida v. Harris*, 568 U.S. 237, 244 (2013)). The issuing officer, then, must "make a practical, common-sense" determination of whether the sworn facts submitted in support

2

of the application for a warrant establish "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Finally, this Court affords "great deference" to a magistrate's determination that probable cause to search a particular place for evidence of a specific crime was established. *Id.* at 236, 238-39.

The affidavit submitted in support of the warrant described Grinder's suspected sexual abuse of a minor, his purchase of drugs online, and text messages referencing those drug purchases. The warrant specified that the area to be searched included the curtilage of the home. The driveway, where Grinder was confronted and handed over his phone, is considered part of the curtilage. *See Collins v. Virginia*, 138 S. Ct. 1663 (2018).

Grinder relies on *United States v. Griffith*, 867 F.3d 1265 (D.C. Cir. 2017), for the proposition that a warrant is overbroad unless the affidavit establishes probable cause to believe the person and his cell phone would be at home at the time of the search. Grinder's reliance is misplaced. In *Griffith*, the warrant authorized the seizure of "all electronic devices" found in the identified residence, where no evidence was presented that the defendant owned a cell phone or that it would be found at the residence. *Id.* at 1271-75. The D.C. Circuit held that the seizure of Griffith's cell phone from the home was invalid because the affidavit in support of the warrant did not establish probable cause that he owned a cell phone or that any incriminating evidence would be found in it. By contrast, here, the officers knew that Grinder had a cell phone and that he had used it to send incriminating text messages to his wife.

3

Next, Grinder asserts that the four-month delay in obtaining the federal search warrant was unreasonable. However, contrary to his claim that the phone was held for four months prior to obtaining the federal warrant, seizure of Grinder's phone occurred less than 20 minutes prior to issuance of the state warrant, which specifically identified the cell phone. Seizure of the cell phone for a short time while awaiting a warrant was permissible. Law enforcement officers may seize an item without a warrant if the officers have probable cause to believe that the item contains contraband or evidence of a crime, and "the exigencies of the circumstances demand it." *United States v. Place*, 462 U.S. 696, 701 (1983). A warrantless seizure prompted by exigent circumstances is reasonable if the restraint lasted for "no longer than reasonably necessary for the police, acting with diligence, to obtain the warrant." *Illinois v. McArthur*, 531 U.S. 326, 332-33 (2001). A temporary warrantless seizure will be upheld if it "was supported by probable cause[,] and was designed to prevent the loss of evidence while the police diligently obtained a warrant in a reasonable period of time." *Id.* at 334. Here, officers knew that Grinder had sent incriminating text messages from his cell phone and that, therefore, it contained evidence relevant to the crimes identified in the warrant. The district court properly determined that exigent circumstances existed to seize the phone while awaiting the search warrant, given the possibility that Grinder could delete messages.

Grinder also argues that investigators exceeded the scope of the state warrant for his laptop computer by searching the computer's files for evidence that would be found only in his internet browser's search history. We review the district court's legal conclusions

4

regarding the scope of the warrant de novo and the factual findings underlying those conclusions for clear error. *United States v. Kimble*, 855 F.3d 604, 609 (4th Cir. 2017).

A search conducted pursuant to a warrant, "is limited in scope by the terms of the warrant's authorization." *United States v. Phillips*, 588 F.3d 218, 223 (4th Cir. 2009). The Fourth Amendment requires that a search warrant be limited to a "particular description of the things to be seized." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (internal quotations omitted). With respect to particularity, we construe search warrants in a "'commonsense and realistic' manner, avoiding a 'hypertechnical' reading of their terms." *United States v. Blakeney*, 949 F.3d 851, 862 (4th Cir. 2020) (quoting *United States v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010)) (citations and internal quotation marks omitted).

This court has specifically found that law enforcement officers are permitted to "open and view all [a computer's] files, at least cursorily, to determine whether any one falls within the terms of the warrant." *Williams*, 592 F.3d at 521. Here, the district court properly concluded that the warrant authorized a search of the laptop and that evidence of either a drug crime (purchasing substances over the internet) or the sexual abuse of the victim could have been located anywhere in the laptop. Upon discovering evidence of child pornography, the investigator promptly suspended his examination of the computer in order to obtain a federal warrant. Grinder's reliance on *United States v. Doyle*, 650 F.3d 460, 472 (4th Cir. 2011) is misplaced. In *Doyle*, we held that "evidence of child molestation alone does not support probable cause to search for child pornography," and concluded that the warrant was not supported by probable cause and, thus, invalid. *Id.*

Here, however, the officers did not search the laptop to find child pornography, but rather discovered it during a lawful search pursuant to a valid warrant. On these facts, we find that the district court properly denied Grinder's motion to suppress evidence obtained from his laptop computer.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*